IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

JOSE ALFREDO PERCHES,

    Plaintiff,

v.                                                        No. Civ. 06-0262 LH/RHS

BOB TURNER'S FORD COUNTRY, INC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On May 8, 2006, Defendant Bob Turner's Ford Country, Inc., ("Defendant") filed a "Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction and Supporting Memorandum" (Doc. No. 7). This Court, having considered the parties' briefs and the applicable law, concludes that Defendant's motion should be granted. Plaintiff's complaint will be dismissed in its entirety.

**I.  Background**

On April 3, 2006, Plaintiff, proceeding *pro se*, filed a Complaint in this Court. According to the Complaint, Plaintiff was injured on May 5, 2003, on Defendant's premises when an employee of Defendant's, abruptly and without caution, opened a large door without any safety features and this door hit Plaintiff on the backside of his torso. Compl. at 5. Plaintiff alleges that Defendant was negligent and that his heart sustained damage as a direct result of this incident. *Id.* at 6-7. Plaintiff also claims "discrimination because his character and/or integrity was verbally assaulted, debased or defamed from the moment he engaged in communication with the service area of Defendant." *Id.* at 6. Plaintiff asserts that, since the incident, he "has continually suffered physical pain, mental anguish, stress, anxiety and the heart breaking loss of his wife."

*Id.* at 7. Plaintiff asks that the Court "find the Defendant guilty of all counts of negligence" and award compensatory and punitive damages to Plaintiff in the amount of $500,000,000.00. *Id.*

The Complaint also alleges that Plaintiff previously filed the case in state court. *Id.* at 2. He alleges that the deputy sheriff served the wrong designated registered agent of the corporation, and that the improper service "was a willful negligent obstruction of justice by the State as a denial to due process." *Id.* at 3. Plaintiff also alleges that the State denied him due process when the state court clerks did not certify in writing who was the assigned trial judge in his state case. *See id.* at 3-4. Next, Plaintiff alleges that the state committed "a Federal offense" by obstructing justice "under the Freedom of Information Act" when the clerks of the court refused to file a Request for Hearing because it did not conform to the local rules of the court. *See id.* at 4-5. Finally, Plaintiff alleges that the State obstructed justice by not posting Plaintiff's case on its web site for public viewing. *See id.* at 5.

In the section of the Complaint entitled "Jurisdiction," Plaintiff asserts that the events underlying the suit occurred in New Mexico. *Id.* at 1. Plaintiff states that he "seeks relief of claim against Defendant in this said federal Court because the State of New Mexico is in anarchy and has caused Plaintiff an obstruction of justice by denial to due process." *Id.* at 2. Plaintiff also alleges that Governor Bill Richardson has failed to uphold the laws of New Mexico pursuant to the New Mexico Constitution. *Id.*

On May 8, 2006, Defendant filed a motion to dismiss for lack of subject matter jurisdiction (Doc. No. 7). Defendant asserts that Plaintiff did not establish diversity jurisdiction, because Plaintiff did not allege facts to show Defendant is a citizen of a state other than New Mexico, and that Plaintiff did not allege any causes of action under federal law. In response,

2

Plaintiff asserts that the "parties are citizens of different states." Pl.'s Mot. with Supportive Br. Requesting Answer to Compl. in Resp. to Def.'s Mot. to Dismiss (Doc. No. 8) (hereinafter "Response") at 2. Plaintiff also alleges that Defendant conspired to obstruct Plaintiff's due process rights. *See id.* at 3-4. Although Plaintiff's other arguments are convoluted and difficult to discern, it appears that Plaintiff argues that federal jurisdiction is established through the New Mexico Constitution provision that makes New Mexico an inseparable part of the federal union. *See id.* at 2-3.

On August 25, 2006, counsel Peter B. Rames, entered an appearance on behalf of Plaintiff in this matter. (Doc. No. 15).

**II.    Standard**

In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), this court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The Court may not dismiss a cause of action under Rule 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief. *See, e.g., H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)). A court must construe a *pro se* plaintiff's complaint liberally under these standards, but at the same time, a court should dismiss a *pro se*

plaintiff's claims that are supported only by vague and conclusory allegations.  *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  Similarly, in reviewing a Rule 12(b)(1) motion that facially attacks the sufficiency of the complaint's allegations as to subject matter jurisdiction, the court presumes that all of the allegations contained in the complaint are true.  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

### III.     Discussion

#### A.     Diversity Jurisdiction

Under 28 U.S.C. § 1332(a)(1), the federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.  In order to establish diversity jurisdiction, the pleader must thus allege both diversity of citizenship and an amount in controversy greater than $75,000.00.  A corporate party has dual citizenship:  it is deemed a citizen of any state in which it has been incorporated and of the state in which it maintains its principal place of business.  28 U.S.C. § 1332(c)(1).  Courts must look to the face of the complaint to determine whether a party has adequately alleged facts sufficient to confer federal diversity jurisdiction.  *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972).

In this case, construing the Complaint in the light most favorable to Plaintiff, the Court cannot find jurisdiction based on diversity because Plaintiff has failed to allege, let alone state any facts in support of, the diversity of citizenship requirement.  Although Plaintiff alleges that he is a resident of New Mexico, Plaintiff does not allege any facts to demonstrate that Defendant is a citizen of a state other than New Mexico.  Instead, Plaintiff alleges that Defendant is a corporation registered "with the NMPRC" and that Defendant's premises are located in

Albuquerque, New Mexico. Compl. at 5. These facts do not establish that Defendant is a citizen of a state other than New Mexico. Accordingly, Plaintiff has not alleged facts sufficient to demonstrate federal diversity jurisdiction in this case.

### B. Federal Question

28 U.S.C. § 1331 provides that federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. "Under 28 U.S.C. § 1331, federal question jurisdiction must appear on the face of a plaintiff's well-pleaded complaint." *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986). The complaint must identify the statute or constitutional provision under which the claim arises as well as allege sufficient facts to show that the case does, indeed, arise under federal law. *Id.* Even where the complaint alleges that there is federal question jurisdiction, the suit will be dismissed for lack of jurisdiction "when the claim is too insubstantial for consideration or is wholly insubstantial and frivolous." *Id.* (internal quotations and citations omitted).

Plaintiff's only cognizable claim against Defendant in this case is for negligence, a state law claim that does not arise under the Constitution, laws, or treaties of the United States. Although Plaintiff has alleged due process violations, those claims do not arise out of any actions committed by Defendant, but rather, the claims appear to implicate various state actors. Plaintiff, however, has not named as a defendant, or requested any relief from, the State of New Mexico or any other state actor. Furthermore, even if Plaintiff had alleged a due process claim against Defendant, such a claim would be wholly insubstantial and frivolous because a federal due process claim does not lie against a private citizen. *See Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1446 (10th Cir. 1995) (violation of Fourteenth Amendment requires that

5

wrongs be committed by state actor). Accordingly, Plaintiff's Complaint does not establish federal question jurisdiction.

## IV.    Conclusion

Plaintiff has not alleged sufficient facts or claims to establish either diversity or federal question jurisdiction. The Court therefore lacks subject matter jurisdiction, and Plaintiff's Complaint must be dismissed.

**IT IS THEREFORE ORDERED** that Defendant's "Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction and Supporting Memorandum" (Doc. No. 7) is **GRANTED** and Plaintiff's Complaint is **DISMISSED** in its entirety.

_____
SENIOR UNITED STATES DISTRICT JUDGE